UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KAREN A. HENRY,

                        Plaintiff,

     v.                                            **DECISION AND ORDER**
                                                         12-CV-982S

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY,[1]

                        Defendant.

       1.      Plaintiff, Karen Henry, challenges the determination of an Administrative Law Judge ("ALJ") that she is not disabled within the meaning of the Social Security Act ("the Act"). Henry alleges that she has been disabled since July 1, 2009.[2]

       2.      Henry, 33 years old at the time, filed an application for Supplemental Security Income and Disability Insurance Benefits on July 17, 2009. The Commissioner of Social Security ("Commissioner") denied her application, and as result, she requested an administrative hearing. She received that hearing before ALJ William Weir on February 9, 2011. The ALJ considered the case *de novo*, and on July 29, 2011, issued a decision denying Henry's application. Henry then filed a request for review with the Appeals Council. The Council granted that request, clarifying that the claimant did not have past-relevant work as a cleaner, and therefore, rejecting the ALJ's finding that she was capable of past-relevant work. The Appeals Council found, however, that Henry could perform

---

[1] Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013. Therefore, under Rule 25(d) of the Federal Rules of Civil Procedure, Colvin is substituted for former Commissioner, Michael J. Astrue, as the defendant in this suit.

[2] In her initial application, Henry alleged an onset date July 20, 2006. She later changed that date to July 1, 2009.

unskilled work at all levels of physical exertion. Accordingly, it affirmed the ALJ's ultimate conclusion. Henry then filed the current civil action on October 16, 2012, challenging Defendant's final decision

3. On May 15, 2013, the Commissioner filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Henry did not file a motion of her own, but did respond to the Commissioner's. For the following reasons, the Commissioner's motion is granted.

4. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla"; it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5. "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's

position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984). This Court must, however, "independently determine if the Commissioner's decision applied the correct legal standards in determining that the plaintiff was not disabled." Valder v. Barnhart, 410 F. Supp. 2d 134, 138 (W.D.N.Y. 2006). "Failure to apply the correct legal standards is grounds for reversal." Townley v. Heckler, 748 F.2d 109, 112 (2d Cir. 1984)

6. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Social Security Act. See 20 C.F.R. §§ 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

7. This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities.  If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.  If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity.  Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work.  Finally, if the claimant is unable to perform his past work, the

>[Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.  The claimant has the burden of proof as to the first four steps, but the Commissioner has the burden of proof on the fifth and final step.  See Bowen, 482 U.S. at 146 n. 5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984).

      8.     In this case, the Commissioner made the following findings: (1) Henry has not engaged in substantial gainful activity since July 20, 2006 (R. 6, 31.);[3] (2) Henry suffers from two severe impairments, namely major depressive disorder and anxiety-related disorder (id.); (3) Henry does not have an impairment or combination of impairments that meets or medically equals the criteria necessary for finding a disabling impairment under the regulations (id.); (4) she retains the residual functional capacity ("RFC") for work at all exertional levels that do not require her to complete complex tasks or engage in complex decision-making (R. 4, 6, 33–35), but she cannot perform any of her past relevant work (R. 5–6); and last (5) Henry can do work that exists in significant numbers in the national economy. (R. 5–6.)

      9.     Though Henry's brief in opposition lacks adequate structure and suffers from typos and other errors,[4] it appears that Henry raises four challenges to the Commissioner's decision. First, she argues that the Commissioner erred by failing to consider her alleged impairments: bipolar disorder and schizophrenia. Second, she contends that the

---

[3] Citations to the underlying administrative record are designated "R."

[4] On page 14 of the brief for example, a sentence abruptly ends before the thought is completed. It reads, "A score of 31-40 is defined as____." Then a new paragraph begins.

Commissioner ought to have considered the "paragraph A" criteria, set out in 20 C.F.R. Part 404, Subpart P, App. 1, §§ 12.04 and 12.06. Third, she argues that the ALJ erred by improperly evaluating treating source opinions and by failing to properly apply the treating physician rule. And last, she maintains that the Commissioner failed to properly evaluate her RFC.

10.   As for Henry's first objection, the Commissioner correctly notes that there is no evidence that her alleged bipolar disorder and schizophrenia affect her ability to work. Indeed, the only argument Henry advances in this regard is that "[t]he ALJ fails to consider whether these impairments are severe and/or how they affect her residual functional capacity. There is no discussion in the ALJ decision how he considered these alleged impairment [sic]." (Pl.'s Br. at 10.) But "[t]he burden is on the claimant to prove that [s]he is disabled within the meaning of the Act." Carroll v. Secretary of Health and Human Servs., 705 F.2d 638, 642 (2d Cir.1983)  And Plaintiff can point to no evidence in part because Plaintiff's treatment records indicate that she was not diagnosed with schizophrenia. (R. 355, 360, 362, 364, 366, 368, 370). What's more, the ALJ did consider all of her alleged "mental impairments" in finding that she was not disabled. (See R. 32.) Indeed, in making that determination, the ALJ considered, as required, the "paragraph B" criteria of §§ 12.04 and 12.06.[5]

That leads to Henry's next objection – that the ALJ failed to consider the "paragraph A" criteria of Listings 12.04 and 12.06.

11.   That objection must also fail. To satisfy Listings 12.04 and 12.06, the

---

[5] Listing 12.04 is the listing for "affective disorders." Listing 12.06 is the listing for "anxiety-related disorders." The "paragraph B" criteria are the same in each.

claimant's impairments must meet *both* the "A" criteria *and* the "B" criteria. 20 C.F.R. Pt. 404, Subpt. P, App. 1, Sections 12.04, 12.06.[6] Because the ALJ concluded that the "B" criteria were not satisfied, there was no need to consider the "A" criteria.

12.     Further, this Court finds that the ALJ's decision with respect to the "B" criteria was supported by substantial evidence.  To be found disabled under paragraph B, the claimant must demonstrate at least two of the following:

> 1. Marked restriction of activities of daily living; or
> 2. Marked difficulties in maintaining social functioning; or
> 3. Marked difficulties in maintaining concentration, persistence, or pace; or
> 4. Repeated episodes of decompensation, each of extended duration.

20 C.F.R.  Pt. 404, Subpt. P, App. 1, Sections 12.04, 12.06.

Applying the record evidence, the ALJ considered each of these factors and concluded that the requirements were not met. (R. 32.) Henry, however, faults the ALJ for not referring to several Global Assessment of Function ("GAF") scores. "The GAF is a scale promulgated by the American Psychiatric Association to assist 'in tracking the clinical progress of individuals [with psychological problems] in global terms.'" Kohler v. Astrue, 546 F.3d 260, 262 n. 1 (2d Cir. 2008) (quoting Am. Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders ("DSM–IV"), at 32 (4th ed. 2000)). Although some of those scores reflect a low level of functioning,  Henry's scores improved with time. The most recent scores range from 55-60, which reflect moderate symptoms (such as flat affect and circumlocutory speech) or moderate difficulty in social and occupational arenas.  As such, the ALJ's findings and the GAF scores are not necessarily in conflict, as the ALJ also found that Henry has some difficulties in this regard. Further, even if there were a wider

---

[6]The listings also provide for a finding of disability when the elements of "paragraph C" are satisfied. That paragraph is not relevant here.

gap between the two, Henry provides no authority for her proposition that the GAF score should control. Rather, this bleeds into her third argument, wherein she contends that the ALJ failed to apply the treating physician rule[7] by not considering the effect of the GAF scores. But the "ALJ's failure to reference a GAF score is not, standing alone, sufficient ground to reverse a disability determination." Parker v. Comm'r of Soc. Sec. Admin., No. 2:10-CV-195, 2011 WL 1838981, at *6 (D. Vt. May 13, 2011) (citing Howard v. Comm'r of Soc. Sec., 276 F.3d 235, 241 (6th Cir. 2002)). Further, nearly all these scores were assigned by Henry's nurse practitioner, who is not a medical source that warrants controlling weight under the "treating physician rule." See 20 C.F.R. § 416.913(a). "Nurse practitioners and physicians' assistants are defined as 'other sources' whose opinions may be considered with respect to the severity of the claimant's impairment and ability to work, but need not be assigned controlling weight." Genier v. Astrue, 298 F. App'x 105, 108 (2d Cir. 2008).

13. Although the ALJ likely should have referenced the GAF scores, considering that they are "intended to be used to make treatment decisions," see DSM–IV, Text Revision, at 32 (2000), and not disability determinations, and that the most recent scores are not inconsistent with the ALJ's conclusion, and that they are derived from an "other source," this omission does not constitute reversible error. See, e.g., Carrigan v. Astrue, 2:10-CV-303, 2011 WL 4372651 (D. Vt. Aug. 26, 2011) (Conroy, M.J.) (rejecting argument that occasionally low GAF scores, as assigned to the claimant by his nurse, are indicative of decompensation.).

---

[7]"The 'treating physician's rule' is a series of regulations set forth by the Commissioner in 20 C.F.R. § 404.1527 detailing the weight to be accorded a treating physician's opinion." de Roman v. Barnhart, No. 03–Civ.0075(RCC)(AJP), 2003 WL 21511160, at *9 (S.D.N.Y. July 2, 2003). Effective March 26, 2012, the Commissioner amended §§ 404.1527 and 416.927. 77 FR 10651, 10656. This opinion refers to regulations in effect when this claim was adjudicated.

14. Although Henry assigns a new heading to her final argument, namely that the "Commissioner failed to properly evaluate the claimant's residual functional capacity," it is, in effect, simply a concluding paragraph. Henry offers no new argument; instead she notes that the GAF scores conflict with the consultative examiner's opinion, and she suggests that the GAF scores should control. But this Court has already addressed and dismissed any issue regarding the GAF scores. And, although it is clear that when the treating and consulting sources' opinions conflict, the consulting physician's opinion should be given limited weight, here "there is no treating source opinion of disability." (R. 35.) Indeed, it is well settled that an ALJ is entitled to rely upon the opinions of consultative examiners, and such written reports can constitute substantial evidence. Gray v. Astrue, No. 09-CV-00584, 2011 WL 2516496, at *5 (W.D.N.Y. June 23, 2011) (citing Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). The Commissioner's reliance on the findings of the consultive examiner, Dr. Thomas Gray – who concluded that she would have trouble performing complex tasks but could perform simple tasks and maintain attention and concentration (R. 219–222) – was thus not in error.

15. In short, this Court finds that the Commissioner's decision was supported by substantial evidence. The record does indicate that Henry has struggled with her mental health and that she has been occasionally forced to admit herself to the hospital. But it also demonstrates that her symptoms may be exacerbated by polysubstance abuse and that they are controlled by appropriate medication. Her own testimony reveals that she can adequately care for her children and tend to household chores. (R. 57–60.) Affording the proper deference to the Commissioner's decision, it becomes clear that those findings must be sustained.

\*\*\*\*

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 9) is GRANTED.

FURTHER, that the Clerk of the Court shall close this case.

SO ORDERED.

Dated: February 17, 2014
       Buffalo, New York

                                         <u>/s/William M. Skretny</u>
                                         WILLIAM M. SKRETNY
                                         Chief Judge
                                         United States District Court